HLD-005                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3388
_____

IN RE: LEOCADIO VALLARTA ISIP, JR.,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to Crim. No. 1:19-cr-00064-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 23, 2025
Before:  CHIEF JUDGE CHAGARES, HARDIMAN, and PORTER, Circuit Judges

(Opinion filed February 5, 2025)
_____

OPINION*
_____

PER CURIAM

Leocadio Vallarta Isip, Jr. has filed a petition for a writ of mandamus.  For the

reasons that follow, we will deny the petition.

In 2020, Isip pleaded guilty to receipt of child pornography.  He was sentenced to

120 months in prison.  We affirmed his conviction and sentence on appeal.  See United

States v. Isip, No. 22-3210, 2023 WL 5696109, at *4 (3d Cir. Sept. 5, 2023).  In

---

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

November 2023, Isip filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The Government filed a response in March 2024, and Isip filed a memorandum in support of his § 2255 motion in May 2024. The § 2255 motion remains pending in the District Court.

In December 2024, Isip filed this mandamus petition. He requested dismissal of his criminal case, an evidentiary hearing, and an order directing the District Court to decide his § 2255 motion. By order entered January 14, 2025, the District Court directed the Government and Isip's former defense counsel to file affidavits addressing some of Isip's allegations.

The writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, Isip must establish that there is no alternative remedy or other adequate means to obtain the desired relief and must demonstrate a clear and indisputable right to the relief sought. Kerr v. U.S. Dist. Ct., 426 U.S. 394, 403 (1976). As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Nonetheless, mandamus may be warranted where a District Court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

While there has been some delay in the District Court proceedings, the District Court recently ordered responses to Isip's allegations. We are confident that the District Court will adjudicate the § 2255 motion in due course. To the extent that Isip requests that we order the District Court to act on his § 2255 motion, we will deny the mandamus

2

petition without prejudice to refiling if the District Court does not decide the § 2255

motion within a reasonable time. To the extent that Isip seeks the dismissal of his

criminal case or an evidentiary hearing, we will deny the petition with prejudice as he has

the alternative remedy of requesting this relief in the District Court.